IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE L. JONES )<br>　　　　Plaintiff )<br> )<br> )<br>　　　　v. ) | C.A. No. 05-287 Erie |
| ) | **District Judge McLaughlin** |
| UNITED STATES OF AMERICA, et al., )<br>　　　　Defendants. ) | **Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.	RECOMMENDATION**

It is respectfully recommended that Defendants' partial motion to dismiss or for partial summary judgment [Document # 23] be granted. The Eighth Amendment claim and all individually named Defendants, including Dr. Soores, should be terminated from this action.

Defendants are hereby directed to file an answer or dispositive motion addressing the remaining FTCA claim against the United States of America before February 20, 2007.

**II.	REPORT**

　　**A.	Procedural History**

On October 6, 2005, Plaintiff, a federal inmate formerly incarcerated at FCI-McKean in Bradford, Pennsylvania, filed the instant action. Named as Defendants are: the United States of America; Warden Sherman; Associate Warden Grimm; Health Services Administrator Smith; Assistant Health Services Administrator Todd Montgomery; Clinical Director Dr. Olson; Dr. Beam; and Correctional Counselor Ella McNinch, all former or current employees at FCI-McKean. Plaintiff also names "Dr. Soorer," an orthopedic surgeon under contract with the

1

Bureau of Prisons, as a Defendant in this matter[1]. Plaintiff claims that Defendants provided him with inadequate medical treatment thereby violating both the Federal Tort Claims Act and the Eighth Amendment under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Defendants have filed a partial motion to dismiss or in the alternative for partial summary judgment, along with a supporting brief.[2] Documents # 23 and 24. In response to the pending motion, Plaintiff has filed an Opposition Brief.[3] Document # 29.

### B.    Statement of the Case

In June of 2001, Plaintiff arrived at FCI-McKean. During his intake screening, he indicated that he had previously received an open reduction internal fixation surgical repair for his right heel. Subsequent x-rays of the area revealed that Plaintiff had multiple screws in place holding together a stable and healing calcaneal fracture.

While incarcerated at FCI-McKean, Plaintiff repeatedly reported to the medical office complaining of pain in his heel. Over a period of years, medical staff provided Plaintiff with a

---

[1] Dr. Soorer, aka Dr. Manual Soarer, has not been served with a copy of the complaint in this case.

[2] Defendants have not yet filed an answer.

[3] In his opposition brief filed July 31, 2006, Plaintiff generally avers that summary judgment should not be granted on behalf of Defendants and requests that he be allowed to conduct discovery. Document # 29. There has been no protective order or order of stay of discovery that has prevented discovery from proceeding. Where a party opposing a motion for summary judgment provides an affidavit establishing that the party cannot "present by affidavit facts essential to justify the party's opposition," Rule 56(f) authorizes the Court to "refuse the application for judgment" or "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Gooden v. Township of Monroe, 2006 WL 561916, at *1 (D.N.J.) quoting Fed.R.Civ.P. 56(f). The 56(f) affidavit should specify 1) "what particular information is sought"; 2) "how, if uncovered, it would preclude summary judgment"; and, 3) "why it has not previously been obtained." Pastore v. Bell Telephone, 24 F.3d 508, 511 (3d Cir. 1994); Gooden; Ferreiras v. York County, Pennsylvania, 2006 WL 1967365 (M.D.Pa). Plaintiff has not submitted such an affidavit and he has had months and months in which to conduct discovery in this case.

wide variety of treatments, including numerous physical examinations and consultation with an orthopedic surgeon, a cane to assist with walking, a bottom bunk pass, special shoe passes, work and sports restrictions, medical idle slips, heel cups, multiple x-rays, an ankle sleeve, Tylenol, Motrin, ibuprofen, education on exercises, a wheelchair and soft shoes.

As to the Eighth Amendment claim, Plaintiff alleges that Defendants acted with deliberate indifference to his serious medical needs because they would not perform surgery to remove the screws from his right heel and because they would not permit him to wear his personal sneakers (Air Jordans), but instead wanted him to wear prison-issued boots or sneakers.

### C.     Standards of Review
#### 1.     *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**2.     Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)**

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the as deficient on its face, the Court must take all allegations in the complaints as true. Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

**3.     Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

**4.     Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Corrections Officer., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Corrections Officer. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court

must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Corrections Officer. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### D. Deliberate indifference under the Eighth Amendment

Defendants have moved for summary judgment arguing that Plaintiff has failed to establish a claim under the Eighth Amendment.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429

U.S. at 106.  "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts."  Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights.  Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). See also Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

Plaintiff's complaint under the Eighth Amendment is two-fold; he alleges that Defendants would not surgically remove the screws from his heel and Defendants would not permit him to wear his own sneakers.

### 1. Surgery

The record before this Court reflects that Plaintiff repeatedly requested surgery to remove the hardware from his heel.  On January 22, 2003, Plaintiff was examined by Defendant Dr. Manuel Soares, a contract orthopedic surgeon, who recommended that the hardware be removed from Plaintiff's heel at the time of reconstructive surgery.  Document # 24, Exhibit A, Declaration of Paul Harvey, M.D., ¶ 2jj, and attached Medical Records, page 137.

On February 28, 2003, Defendant Clinical Director Dr. Olson noted that the Utilization Review Committee had reviewed the consultation report of Dr. Soares. Id. at ¶ 2kk, and attached Medical Records, page 54.  The URC concluded that surgery may or may not decrease Plaintiff's pain level, but would greatly limit his range of motion.  The URC decided not to opt for surgery. Id.  On March 18, 2004, Defendant Beam indicated that at the request of Defendant Grimm he would submit a surgical referral to the URC for review. Id. at ¶ xx, and attached Medical Records, page 38.

On March 29, 2004, Plaintiff sent Defendant Sherman a written request complaining that prison staff were providing him with negligent medical treatment. Id. at ¶ yy, and attached Medical Records, page 195-196.  Defendant Sherman's response, dated April 1, 2004, indicates:

> You have been evaluated by medical staff 25 times including an evaluation by the orthopedic surgeon.  The utilization review committee discussed the case February 28, 2003, and denied surgery since removal of hardware and fusion will

7

>limit range of motion and may cause worsening of pain. ... You will continue to be followed on chronic care clinic and your case will be reviewed again by the utilization review committee.

Id. at ¶ yy, and attached Medical Records, page 194.

On April 8, 2004, Defendant Beam noted that the URC had again reviewed Plaintiff's case and denied the request for surgery because it was not medically necessary at the time. Id. at ¶ ccc, and attached Medical Records, pages 34, 203.

Thereafter, Plaintiff continued to report to medical staff complaining of heel pain and staff continued to treat him with pain relievers until his transfer from FCI-McKean on December 16, 2005. Id. at ¶¶ ddd - ttt, and attached Medical Records.

The record reflects that Plaintiff's medical issues were repeatedly addressed. It the course of treatment to which Plaintiff objects and the case law clearly establishes that such a claim does not rise to the level of a constitutional violation. Summary judgment should be granted as to Defendants in this regard.

### 2. Shoes

On February 20, 2004, Defendant Dr. Beam decided that soft institution-issued shoes would be adequate for Plaintiff. Id. at ¶2vv. Plaintiff was not allowed to wear his own sneakers and the sneakers were shipped to his residence. Id. at ¶ 2tt.

Again the record reflects that Plaintiff was treated medically, but Plaintiff disagrees with the medical decisions. Plaintiff's disagreement does not rise to the level of an Eighth Amendment violation. Summary judgment should be granted in favor of Defendants.

As Plaintiff's Eighth Amendment claim fails, summary judgment should be granted in favor of all individual named Defendants. Because the only remaining claim in this case is an FTCA claim against the United States of America[4], all individual named Defendants should be dismissed and terminated from this docket.

---

[4] All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b).

8

### E. The Federal Tort Claims Act (FTCA)

Next, Defendants argue that any allegation of negligence involving Dr. Manuel Soares (identified as Dr. Soores in the complaint) should be dismissed for lack of jurisdiction because he is not a federal employee and the government cannot be held liable for his alleged negligence.

The Federal Tort Claims Act grants jurisdiction[5] to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted).[6]

The FTCA covers only Government employees, who are defined by the Act as "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671. The statute specifically provides that a federal agency does not include "any contractor with the United States." Id. This provision has been held to preclude liability for the negligence of independent contractors. See Logue v. United States, 412 U.S. 521, 528 (1973); Norman v. United States, 111 F.3d 356 (3d Cir. 1997); Woodruff v. Covington, 389 F.3d 1117, 1128 (10th Cir. 2004) ("the FTCA only waives the government's sovereign immunity for 'federal employees,' and explicitly exempts 'independent

---

[5] Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The terms of the government's consent define the court's jurisdiction over the case. Lehman v. Nakshian, 453 U.S. 156, 160 (1981).

[6] The consent contained in the FTCA is limited and Congress has expressly provided for exceptions to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(a)-(n); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). These exceptions are to be construed in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 32-36 (1992). The burden of establishing subject matter jurisdiction in this case lies with the plaintiff. Robinson v. U.S., 849 F.Supp. 799, 801 (S.D.Ga.1994).

9

contractors...'"). Therefore, an FTCA claim naming an independent contractor must be dismissed for lack of subject matter jurisdiction.

In evaluating the nature of the relationship between the United States and the person, "the critical factor used to distinguish a federal agency employee from an independent contractor is whether the government has the power 'to control the detailed physical performance of the contractor.'" Norman, 111 F.3d at 357 citing United States v. Orleans, 425 U.S. 807 (1976) and Logue, 412 U.S. 521.

This Court has previously examined the contractual agreement between Dr. Manuel Soares and the Bureau of Prisons and held that Dr. Manuel Soares is an independent contractor of the Bureau of Prisons and as such, the United States is not liable under the FTCA for his alleged negligence. See Chen Chong Shu v. United States of America, Civil Action No. 03-409E. Accordingly, this Court lacks subject matter jurisdiction over the allegations of Dr. Soares' negligent conduct and the partial motion to dismiss should be granted. However, as the government has not moved to dismiss or for summary judgment as to the FTCA claim against the United States, that claim remains pending.

### III.     CONCLUSION

It is respectfully recommended that that Defendants' partial motion to dismiss or for partial summary judgment [Document # 23] be granted. The Eighth Amendment claim and all individual named Defendants, including Dr. Soores, should be terminated from this action.

Defendants are hereby directed to file an answer or dispositive motion addressing the remaining FTCA claim against the United States of America before February 20, 2007.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

<u>S/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: January 19, 2007