**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDDIE L. JONES** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 05-287 Erie** |
| | ) | |
| | ) | **District Judge McLaughlin** |
| **UNITED STATES OF AMERICA, et al.,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.      RECOMMENDATION

It is respectfully recommended that the motion for summary judgment filed by the United States [Document # 52] be granted.  This case should be closed.

## II.      REPORT

### A.      Procedural History

On October 6, 2005, Plaintiff, a federal inmate formerly incarcerated at FCI-McKean in Bradford, Pennsylvania, filed the instant action.   Originally named as Defendants are: the United States of America; Warden Sherman; Associate Warden Grimm; Health Services Administrator Smith; Assistant Health Services Administrator Todd Montgomery; Clinical Director Dr. Olson; Dr. Beam; and Correctional Counselor Ella McNinch, all former or current employees at FCI-McKean and "Dr. Sooremployer," an orthopedic surgeon under contract with the Bureau of Prisons.  Plaintiff claims that he was provided with inadequate medical treatment thereby violating both the Federal Tort Claims Act and the Eighth Amendment under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  More specifically, Plaintiff argues that he did not receive proper medical treatment for his right heel,

1

which had been broken and surgically repaired prior to his federal incarceration.

All the individual Defendants, as well as the Eighth Amendment claim, have been previously dismissed from this action. See Documents ## 32 and 35. The only claim remaining is the FTCA claim involving medical negligence against the United States.

### B.     Standards of Review

#### 1.     *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.     Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when

a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon

3

bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.


###	C.	Plaintiff's allegations

In June of 2001, Plaintiff arrived at FCI-McKean.  During his intake screening, he indicated that he had previously received an open reduction internal fixation surgical repair for his right heel.  Subsequent x-rays of the area revealed that Plaintiff had multiple screws in place holding together a stable and healing calcaneal fracture.  While incarcerated at FCI-McKean, Plaintiff repeatedly reported to the medical office complaining of pain in his heel.  Over a period of years, medical staff provided Plaintiff with a wide variety of treatments, including numerous physical examinations and consultation with an orthopedic surgeon, a cane to assist with walking, a bottom bunk pass, special shoe passes, work and sports restrictions, medical idle slips, heel cups, multiple x-rays, an ankle sleeve, Tylenol, Motrin, ibuprofen, education on exercises, a wheelchair and soft shoes.

Plaintiff specifically alleges that the medical staff were negligent because they would not perform a second surgery to remove the hardware that was inserted during the first surgery.  The record before this Court reflects that Plaintiff repeatedly requested surgery to remove the previously-installed hardware from his heel.  On January 22, 2003, Plaintiff was examined by Dr. Manuel Soares, a contract orthopedic surgeon, who recommended that the hardware be removed from Plaintiff's heel at the time of reconstructive surgery.  Document # 24, Exhibit A, Declaration of Paul Harvey, M.D., ¶ 2jj, and attached Medical Records, page 137.

On February 28, 2003, Clinical Director Dr. Olson noted that the Utilization Review Committee had reviewed the consultation report of Dr. Soares.  Id. at ¶ 2kk, and attached Medical Records, page 54.  The URC concluded that surgery may or may not decrease Plaintiff's pain level, but would greatly limit his range of motion.  The URC decided not to opt for surgery.  Id. On March 18, 2004, Beam indicated that at the request of Grimm he would

4

submit a surgical referral to the URC for review.  Id. at ¶ xx, and attached Medical Records, page 38.

On March 29, 2004, Plaintiff sent Sherman a written request complaining that prison staff were providing him with negligent medical treatment.  Id. at ¶ yy, and attached Medical Records, page 195-196.  Warden Sherman's response, dated April 1, 2004, indicates:

> You have been evaluated by medical staff 25 times including an evaluation by the orthopedic surgeon.  The utilization review committee discussed the case February 28, 2003, and denied surgery since removal of hardware and fusion will limit range of motion and may cause worsening of pain. ...  You will continue to be followed on chronic care clinic and your case will be reviewed again by the utilization review committee.

Id. at ¶ yy, and attached Medical Records, page 194.

On April 8, 2004, Beam noted that the URC had again reviewed Plaintiff's case and denied the request for surgery because it was not medically necessary at the time.  Id. at ¶ Chronic Care Clinic, and attached Medical Records, pages 34, 203.

Thereafter, Plaintiff continued to report to medical staff complaining of heel pain and staff continued to treat him with pain relievers until his transfer from FCI-McKean on December 16, 2005.  Id. at ¶¶ ddd - ttt, and attached Medical Records.

On October 6, 2005, Plaintiff filed the instant lawsuit.

### D.    The Federal Tort Claims Act (FTCA)

The Federal Tort Claims Act grants jurisdiction[1] to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment.  See 28 U.S.C. § 2675(a). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996).  The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private

---

[1] Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued.  United States v. Mitchell, 445 U.S.  535, 538 (1980). The terms of the government's consent define the court's jurisdiction over the case.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981).

individual under like circumstances." <u>Howell v. United States</u>, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted).[2]

The Federal Tort Claims Act (FTCA) does not create a substantive cause of action against the United States, but provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. Hence, in a FTCA action, the district court applies the law of the state in which the act occurred. <u>See</u> 28 U.S.C. § 1346(b); <u>Castillo v. U.S.</u>, 2002 WL 1752235, at *3 (7th Cir.2002). In order to establish a cause of action in medical negligence under Pennsylvania law, plaintiffs bear the burden of demonstrating that there was (1) a duty or obligation owed by the physician, (2) breach of that duty by the defendants, (3) a causal connection between the defendants' breach of that duty and the resulting injury, and (4) actual loss or damage suffered by the complainant. <u>Wooding v. United States of America</u>, 2007 WL 951494, at *3 (W.D. Pa.) <u>quoting</u> <u>Quinby v. Plumstead Family Practice, Inc.</u>, 907 A.2d 1061, 1070 (2006). All of the elements must be met in order for a plaintiff to recover in tort.

Because the actions of a physician encompass matters not within the ordinary knowledge and experience of a layperson, Pennsylvania law requires that "as a general rule, a plaintiff has the burden of presenting expert opinions that the alleged act or omission of the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought." <u>Wooding</u>, 2007 WL 951494, at *3, <u>quoting</u> <u>Simpson v. Federal Bureau of Prisons</u>, 2005 WL 2387631, at *5 (W.D. Pa.). The Pennsylvania courts have explained this requirement:

> Courts sitting in medical malpractice cases require detailed expert testimony because a jury of laypersons generally lacks the knowledge to determine the factual issues of medical causation; the degree of skill, knowledge, and experience required of the physician; and the breach of the medical standard of care. [...] Not only does the plaintiff have th burden of proving that the defendant

---

[2] The consent contained in the FTCA is limited and Congress has expressly provided for exceptions to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(a)-(n); <u>United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)</u>, 467 U.S. 797, 808 (1984). These exceptions are to be construed in favor of the sovereign. <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 32-36 (1992). The burden of establishing subject matter jurisdiction in this case lies with the plaintiff. <u>Robinson v. U.S.</u>, 849 F.Supp. 799, 801 (S.D.Ga.1994).

> did not possess and employ the required skill and knowledge, or did not exercise the care and judgment of a reasonable professional, he or she must also prove that the injury was caused by the failure to employ that requisite skill and knowledge. We have previously concluded that this must be accomplished with expert medical testimony presented at trial by doctors testifying as expert witnesses. [...] we affirm our earlier conclusion, set forth in numerous decisions of this Court that, medicine being an applied science, the realm of reasonable choice is best defined by those engaged in the practice, and expert medical testimony on this issue is required.

Toogood v. Rogal, 573 A.2d 1140, 1149 (Pa. 2003). However, "expert testimony is not required when a matter 'is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons.'". Wooding, at *3, quoting Simpson, at *5.

As an initial matter, "where there is no duty of care, there can be no negligence." Maxwell v. Keas, 639 A.2d 1215, 1217 (Pa.Super.1994). "Whether a defendant owes a duty of care to a plaintiff is a question of law" (Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1366 (3d Cir.1993)) and revolves around the relationship between the two parties. In this case, Congress has established a statutory duty of care to be applied when federal prisoners sue the United States for negligence. Title 18 U.S.C. § 4042 requires "the exercise of ordinary diligence" to keep inmates safe from harm. Id. The federal courts have construed this statute to include the duty to provide adequate medical care to all federal inmates.

In support of its motion for summary judgment, the government argues that Plaintiff has not retained a medical expert in support of his allegations of negligence and so, the government argues, under Pennsylvania law, summary judgment should be granted in its favor. In opposition, Plaintiff argues that the medical records themselves are evidence enough to support his claims.[3] Plaintiff misunderstands the law in this regard. Pennsylvania law requires expert medical testimony (Toogood) and the expert's opinion must be rendered within "a reasonable degree of medical certainty" as to the breach and the proximate cause prongs of a negligence

---

[3] Plaintiff also indicates that he intends to call Dr. Mackel, his treating physician, as a witness in this case. As the government points out in its Reply Brief, Plaintiff has not offered an expert report from Dr. Mackel and Plaintiff's own medical records from Dr. Mackel do not make any mention of a second surgery. See Document # 61-2.

case. <u>Montgomery v. South Philadelphia Medical Group</u>, 656 A.2d 1385, 1390 (Pa. Super. 1995); <u>Mitzelfelt v. Kamrin</u>, 584 A.2d 888, 892 (Pa. 1990). Because Plaintiff has not identified such a medical expert, summary judgment should be granted in favor of the United States.

## III. CONCLUSION

_____It is respectfully recommended that the motion for summary judgment filed by the United States [Document # 52] be granted. This case should be closed.

In accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. No extensions of time will be granted. Failure to file timely objections may constitute a waiver of any appellate rights. <u>See</u> <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: April 14, 2008